NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 20, 2019[*]
Decided March 21, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-3645

| | |
|---|---|
| JOHN G. CURRY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 17 C 3659 |
| MARK LOPEZ, et al., | |
| *Defendants-Appellees.* | Rebecca R. Pallmeyer, |
| | *Judge.* |

**O R D E R**

John Curry became involved in state-court litigation in 2005 when his wife filed for divorce. He brought this suit in federal court in 2017, essentially alleging a conspiracy among his (now) ex-wife, her attorney, and two state-court judges who decided that he must pay his ex-wife an amount of child support that Curry considers unlawful and wants invalidated. The district court granted the defendants' motions to

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

dismiss. It concluded that Curry's claims against the judges were barred under the *Rooker-Feldman* doctrine, see *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and by absolute judicial immunity, and his claims against the other defendants also lacked subject-matter jurisdiction. We affirm because the district court correctly ruled that it lacked jurisdiction.

Curry's claims do not fall within federal subject-matter jurisdiction. To the extent that Curry's claims seek to overturn a final judgment of the state court that he must pay child support, *Rooker-Feldman* blocks this suit. An attack "by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" is barred by *Rooker-Feldman. Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Even if Curry seeks to overturn only interlocutory orders of the state court, he gets no further. We recently ruled in *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018), that the *Rooker-Feldman* doctrine does not itself block federal-court review of interlocutory orders. Nevertheless, quite apart from *Rooker-Feldman,* "[n]othing in the Supreme Court's decisions suggests that state-court decisions too provisional to deserve review within the state's own system can be reviewed by federal district and appellate courts." *Harold v. Steel*, 773 F.3d 884, 886 (7th Cir. 2014).

AFFIRMED